## Wetmore's Appeal.

A mechanic's claim for work done and materials furnished "in and about the erection, construction, improvement and fitting up of the said buildings, for the use for which they were constructed," will not sustain a lien for repairs and additions.

October 11th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Appeal from the Court of Common Pleas, No. 1, of *Allegheny county:* Of October and November Term 1879, No. 134.

Appeal of J. W. Wetmore and the Blair Iron and Steel Company from the decree of the court distributing the proceeds of the sheriff's sale of the works of said company.

Thomas S. Blair and wife obtained a judgment against the Blair Iron and Steel Company, and levied on the lease, fixtures, patents and personal property of said company, and the same were sold at sheriff's sale to J. W. Wetmore.

An auditor was appointed to distribute the fund arising from the sale. Before him there appeared J. W. Wetmore, claiming the fund on the writ of Blair and wife ; the Atlas Works claiming upon a mechanics' lien, and a large number of employees with claims for wages. It was agreed that the fund should be first applied to the payment of these wages.

The claim of the Atlas Works set forth, inter alia, that it was " for the payment of the sum of $6283.99, against all that certain, part four story and part one story, frame and iron-clad building, known and used as a converting-house (used for converting crude ore into iron sponge), having a width or front, &c.; * * * also, a

one-story frame and iron-clad building, known and used as a melting-house (used for converting iron sponge into steel ingots), situate, &c.; * * * also, a one-story frame and iron-clad building, known and used as a gas-producing house, &c.; * * * including all the machinery, steam-engines, boilers, pumps, furnaces and other fixtures, * * * known as the Blair Iron and Steel Works, &c. * * *

"The sum aforesaid being a debt contracted for work done and materials furnished, namely, for iron castings and machinery made by said claimant, within three months last past, in and about the erection, construction and improvement and fitting up of the said buildings for the use for which they were constructed, to wit, the manufacture of iron, steel, &c., of which buildings the said the Blair Iron and Steel Company was, and is the owner or reputed owner thereof; and at whose instance and request the said work was done, materials furnished, and castings and machinery made, &c."

There was evidence that the work done was in the construction of a new furnace, and that other articles were furnished for a steel works which were then in operation.

In ruling upon the exceptions to the validity of the claim the court, inter alia, said: "No question has been made as to the propriety of the claim as repairs (so far as a portion of the items is concerned), except, generally, upon the right to claim for repairs, under the language employed in the lien. The lien says that the debt is for work and materials 'in and about the erection, construction, improvement and fitting up of the buildings for the use for which they were constructed;' and it is contended that the lien being for 'erection,' and the evidence being that the materials, &c., were for 'repairs,' the claim must be disallowed: Rynd v. Bakewell, 6 Norris 640. Taking the whole lien together, it clearly appears therein that the articles furnished, including the furnace, were additional and supplemental to a works already erected, equipped and in operation. We may, therefore, fairly hold that the words 'improvement and fitting up' avoid the objection made."

The court dismissed the exceptions to the report of the auditor, and made a decree that the mechanics' lien, filed by the Atlas Works, was good to the extent of $2202.27, and directed distribution to be made accordingly. From this decree this appeal was taken.

*Barton & Sons*, for appellants.—The Blair Steel Works were erected in 1872 for the purpose of manufacturing steel by a patent process invented by Thomas S. Blair, and put in operation.

The furnaces first were known as "Frank" furnaces. In the spring of 1875, Mr. Blair concluded to put in a new furnace, known as the "Sieman" furnace, and made a contract with the Atlas Works to furnish the castings and iron material for it, which was done, and the furnace put in full and successful operation on April

21st 1875, as found by the auditor in both reports. This furnace was an addition to the furnace already in operation. It was no part of the original building and construction. It was not a repair, but a new furnace. The plaintiff has filed its lien as for erection and construction.

Although the word improvement is used in the claim, yet take the whole sentence, and it is a claim · filed for iron castings and machinery used in the original construction of the works for the purpose originally designed, viz.: the manufacture of iron and steel.

The case, therefore, falls within the ruling of Rynd v. Bakewell, 6 Norris 460.   •

*Robb & McClung* and *J. Ludewig Koethen*, for appellees, the Atlas Works.—A building erected for a manufacturing purpose, and all machinery, which is necessary to constitute it, and without which it would not be a manufactory at all, passes with the freehold : Voorhis v. Freeman, 2 W. & S. 116.   Lathes, vises, &c., no matter how fastened, are part of the realty : Christian v. Dripps, 4 Casey 271.   Rolls of an iron mill are part of machinery, whether in place or detached : Voorhis v. Freeman, *supra.*   Also, the floor of a bar or iron mill not fastened, but kept down by their own weight : Pyle v. Pennock, 2 W. & S. 390.   Everything put into and forming part of a building or machinery for manufacturing purposes, is part of the freehold : Hoskin v. Woodward, 9 Wright 42 ; Hill v. Sewald, 3 P. F. Smith 271.

Mr. Justice TRUNKEY delivered the opinion of the court, October 27th 1879.

The learned judge was of opinion that, " taking the whole lien together, it clearly appears therein that the articles furnished, including the furnace, were additional and supplemental to a works already erected, equipped and in operation ;" and therefore held that the words " improvements and fitting up" were equivalent to the words, "repairs, alterations or additions." Upon the correctness of this view depends the validity of the lien ; for, in fact, the claim is for a new furnace and other articles, furnished for an extensive works, with furnaces, machinery and appliances for the manufacture of steel, which had previously been operated. The claimant, not contending that the lien is valid, unless its language fairly implies that it is for repairs or additions, is content with resting on the briefly expressed conclusion of the court below, as a reply to the objection that that conclusion is unwarrantable from anything in the lien.

Wherein the claim differs from one filed for material furnished in the erection of a building, or in what part it appears that the articles were additional to a works already erected and in operation, we are unable to discover. Such appearance is not visible in the

statement of the names of the parties, nor in the description of the buildings and grounds, nor in the bill of particulars. Every claim must set forth "the nature or kind of the work done, and the kind and amount of materials furnished;" and here should be shown whether the work and materials were for erection of a new building, or for repairs of an old one, especially when not stated anywhere else that it is for repairs. This claim, in very words, is for work done and materials furnished "in and about the erection, construction and improvement and fitting up of the said buildings for the use for which they were constructed." It is a strange rendering to say, the work and materials were for repairs of said buildings and putting an additional furnace therein; and yet unless such interpretation be given, the lien falls. Whether the claim be for original construction or repairs, the words "improvement and fitting up" are unnecessary, and where, as here, they have direct relation to the erection of the buildings, they neither add nor detract meaning, nor would they if they related to repairs and additions. An old building may be fitted up for its intended use, and so may a new one: the former when being repaired, the latter when being completed. "Improvement" is not used in the statutes providing for mechanics' liens, to include anything in or about the erection, alteration or repairs of houses or other buildings; it is found in some special acts concerning mining and oil-wells and storage and refining of oil. The lien has been extended, by name, to plumbing, gas-fitting and furnishing, erection of grates and furnaces, paper-hanging; and for steam-engines, fixtures or machinery, in and about mills of any kind, and iron or coal works. Not only each of those things for which a lien has been given may properly be called an improvement, but so may everything else which adds to the beauty and usefulness of the premises. The word has no place in the statutes until it is the intention to extend the lien to embrace all work and materials done and furnished for addition or melioration of a tract of land. Nor can it be properly used to signify any particular thing for which a lien may be filed. It points to no specific thing, except with the context; and where other words show that the claim is for erection or for repairs that will relate to them.

"When a special security and remedy are given to a favored class of creditors, it is not asking too much to require them to conform with reasonable accuracy to the provisions of the law designed for their benefit. If this is done, unnecessary complications, involving disinterested parties in litigation and imperilling the rights of creditors and others, may be avoided:" STERRETT, J., Ely v. Wren, 9 Norris 148. The lien for erection, by statute, shall be preferred to every other which attached to the building or ground subsequently to the commencement of the building; the lien for repairs or additions attaches from their commencement. It con-

cerns owners and others that the nature of the claim appear on its face that they may know when the lien attached.

The principle which ruled Rynd *v.* Bakewell, 6 Norris 460, applies in this case, and the first and fourth assignments must be sustained.

> Decree reversed, and it is considered and decreed that the fund be appropriated to the judgment in favor of Thomas S. Blair and wife. The costs of this appeal to be paid by appellee.